**FRANTZ MANUFACTURING COMPANY, Plaintiff,**

v.

**PHENIX MANUFACTURING CO., Inc., Defendant.**

**No. 67–C–335.**

United States District Court
E. D. Wisconsin.

Jan. 20, 1970.

Wheeler, Wheeler, House & Clemency, by Joseph P. House, Jr., Milwaukee, Wis., for plaintiff.

Michael, Best & Friedrich, by Gerrit D. Foster, Milwaukee, Wis., for defendant.

## OPINION

MYRON L. GORDON, District Judge.

The plaintiff brought this action under 35 U.S.C. § 281 for the infringement of three of its patents: mechanical patents numbered 3,104,699 and 3,169,-612 and design patent numbered 194,094. By stipulation of the parties, the complaint as to the patent numbered 3,104,-699 has been dismissed. In its answer, the defendant Phenix asks for declaratory relief, asserting the invalidity of the two patents remaining in litigation. Although the defendant in its counterclaim asked for relief under the antitrust laws, such request for relief was withdrawn by stipulation.

The issues of validity and infringement of the two remaining patents were tried to the court, and the parties submitted post-trial briefs. A comprehensive pretrial report was submitted; it set forth a large number of stipulated facts.

### I. MECHANICAL PATENT NO. 3,169,612

The two patents which are owned by Frantz relate to an overhead garage door. The door consists of an aluminum frame with fiberglass panels which are rectangular in shape. Frantz has a mechanical patent on the overall construction of the door and more specifically on the method in which the fiberglass panels are held securely in place within the aluminum framework. The plaintiff's design patent relates to the ornamental design of the door.

The horizontal rails of the aluminum framework contain a U-shaped opening with the open side down, into which the sheet of fiberglass is inserted. The shorter of the two unequal length arms or flanges of the U-shaped aluminum frame is then rolled in toward the panel to make the joint watertight and to hold the panel secure. At the trial there was disagreement as to whether any part of the metal flange actually embedded itself in the panels of the various doors.

The evidence demonstrates that on June 19, 1959 a door was sold by Frantz, which door was nearly identical to the claims of the '612 patent. The mechanical patent was filed on July 5, 1960, more than one year after such sale. Phenix alleges that this sale invalidates the patent under the one year prior use or sale rule of 35 U.S.C. § 102(b). The plaintiff, however, argues that the door sold on June 19, 1959 is distinguishable in its mechanical characteristics from the construction set forth in the patents. This prior sale was not brought to the attention of the United States patent office when the plaintiff's patent application was processed.

The aluminum rail on the 1959 door was rolled down by use of a hand roller, and the evidence shows that the flange was not embedded in the panel. The plaintiff points out that claim 1 of the '612 patent states that the holding flange is *pressed into and embedded* in the panel.

Subsequent to the sale of the door on June 19, 1959, the plaintiff initiated the use of a power roller which pressed down on the flange with greater force than the hand roller, and as the evidence perusasively suggests, embedded the flange in the panel.

 Under 35 U.S.C. § 102(b), the item involved in the prior sale need not be identical to that described in the claims of the patent; to determine whether the patent is invalid, the test is that the difference between the prior sale item and the patent must itself be patentable. Tool Research & Engineering Corp. v. Honcor Corp., 367 F.2d 449, 454 (9th Cir. 1966). In the case at bar, it would mean that the process of exerting greater force, so as to embed the flange in the panel, must be nonobvious to one skilled in the art. In my opinion, it does not matter whether the idea of embedment came first with the subsequent application of more pressure, or whether the idea of greater pressure came first, with the resulting embedment; I find that in either event this procedure does not attain the level of invention.

In Senco Products, Inc. v. Fastener Corporation, 168 F.Supp. 850, 854 (N.D. Ill.1958), the court said:

"The operation bears the unmistakable stamp of improvement and development which is the result of mechanical skill only. Nowhere in the operation can I find the flash of creative genius which is necessary to constitute invention."

Likewise, I find that in the case at bar the attainment of embedment was the result of "mechanical skill only." Even though it did relieve the burden of applying rivets to the joint, it did not constitute invention.

At trial, the three co-inventors, Mr. Wolf, Mr. Holland, and Mr. Sharp, all testified that the first door sold was substantially the same as that covered under the claims of the '612 patent, except for the use of a different rolling machine. The court in Stearns & Co. v. Grove's Laboratories, 87 F.2d 822, 824 (8th Cir. 1937), stated:

"It is the invention of what is new, and not the arrival at comparative superiority or greater excellence in that which was already known, which the law protects as exclusive property and which it secures by patent."

In my opinion, the only genuine difference between the door sold on June 19, 1959 and the mechanical patent here in issue is the degree of rolling force utilized. The addition of a power driven roller was a mechanical refinement and not patentable. Thus, patent numbered 3,169,612 is invalid and unenforceable under 35 U.S.C. § 102(b). See United States Gypsum Co. v. National Gypsum Co., 387 F.2d 799 (7th Cir. 1967).

 Although the question of damages was not explored at the trial, the defendant urges that since the plaintiff was aware of the June 19, 1959 sale, attorneys fees should be awarded to the defendant for the plaintiff's "flagrant misuse" of its patent. The defendant also argues that the plaintiff's withdrawal of the Rich patent as a prior art reference was the result of a false and misleading affidavit. Under 35 U.S.C. § 285 attorneys fees may be awarded "in exceptional cases". In my opinion, the issues here are sufficiently close to require rejection of the defendant's application for attorneys fees. Cf. Monolith Portland Midwest Co. v. Kaiser Aluminum & Chemical Corp., 407 F.2d 288, 294 (9th Cir. 1969); Townsend Co. v. M.S.L. Industries, 359 F.2d 814, 816 (7th Cir. 1966); Shingle Product Patents v. Gleason, 211 F.2d 437, 441 (9th Cir. 1954).

## II. DESIGN PATENT NO. 194,094

The design patent is not under the same infirmity as the '612 patent since the application for the design patent was filed on June 22, 1959, just a few days after the first sale. The defendant, however, urges that the design patent is invalid because certain prior art, such as the Rich patent numbered 2,993,572,

was not considered by the patent office. The defendant also contends that the design patent is invalid because the patent office board of appeals was wrong in finding that the patent in suit disclosed a design sufficiently creative and artistic to be patentable.

The test of "creative originality in artistry" was described in Burgess Vibrocrafters, Inc. v. Atkins Industries, Inc., 204 F.2d 311, 313 (7th Cir. 1953). In my opinion, the required standards have been met by Frantz. The patent was vigorously sought in the patent office and was finally granted by the patent office board of appeals. The statutory presumption of validity under 35 U.S.C. § 282 is strengthened by the lengthy litigation in the patent office. See Southern States Equipment Corp. v. USCO Power Equipment Corp., 209 F.2d 111 (5th Cir. 1953).

Phenix is correct in observing that the failure of the patent office to consider the Rich patent numbered 2,993,572 prior art might weaken the presumption of validity. Deep Welding, Inc. v. Sciaky Bros., Inc., 417 F.2d 1227 (7th Cir. 1969); Appleton Electric Co. v. Efengee Electrical Supply Co., 412 F.2d 579 (7th Cir. 1969). However, the court in Metal Arts Company v. Fuller Company, 389 F.2d 319, 322 (5th Cir. 1968) has set out a helpful test in determining to what extent the presumption of validity is dissipated:

"The relevant inquiry, however, since references other than those cited by the patent office may usually be found, is whether these new references raised in the District Court are of such significance that the presumption of validity is affected."

Upon this standard, I conclude that although the Rich patent is pertinent prior art, its non-consideration by the patent office does not destroy the presumption of validity; the burden to show invalidity has not been met by the defendant.

As stated in Rains v. Cascade Industries, Inc., 269 F.Supp. 688, 696 (D.N.J.1967), in order for a design to be patentable, it must be: (1) new, (2) inventive, (3) ornamental, (4) the product of aesthetic conception, and (5) non-obvious. I find that in comparing the photographs produced at trial of the commercial embodiment of the Rich patent (Pl. ex. 19, #6) with the Frantz door (Pl. ex. 23), all of the above requirements are met.

Although the evidence shows that both doors are made of an aluminum frame with fiberglass panels containing a plurality of horizontal grooves, there is a considerable difference in their appearances. The Frantz door, by the use of narrower strips of exposed aluminum at the hinges, wider fiberglass projections in relation to the grooves, and more shallow grooves, creates a significantly different appearance. It may be argued that the difference is mere modification, obvious to a designer skilled in the art, but I find that something greater was required to create the attractive appearance which was attained in the Frantz door.

Other prior art references not cited by the patent office examiners are Stroup, 2,863,503 and Schlytern 2,805,450 (Def. ex. 13). However, Dr. Miner opined that the Sweet Catalog Reference (Def. ex. 13A), which was considered by the patent office, is considerably closer in appearance to the plaintiff's patent than either *Rich, Stroup,* or *Schlytern;* I find Dr. Miner's view entirely credible in this regard. The defendant states that the plaintiff knew about all the prior art references listed above, but I do not adopt that contention. However, even if that statement by the defendant were correct, the plaintiff's failure to disclose such prior art references is not so flagrant a violation as to invalidate the patent since the references were less relevant than others which were cited. In my opinion, design patent numbered 194,094 is valid.

## III. INFRINGEMENT OF DESIGN PATENT NO. 194,094

Has the defendant infringed the plaintiff's patent? Although the defendant manufactures two models of doors, the model 55 "Skylark" and the model 65 "Magic-Lite", the plaintiff alleges infringement of its design patent only by the model 55 door. Hence, when a Phenix door is referred to in the following discussion, it will be the model 55 door.

The test for infringement of a design patent was formulated long ago in Gorham Manufacturing Company v. White, 81 U.S. 511, 527, 14 Wall. 511, 20 L.Ed. 731 (1871): " * * * identity of appearances, or * * * sameness of effect upon the eye * * * " when viewing the design as a whole. In addition, infringement is determined in the eyes of an ordinary observer, not an expert. Tappan Company v. General Motors Corp., 380 F.2d 888, 891 (6th Cir. 1967).

The defendant emphasizes that the plaintiff's door incorporates a hinge which bisects every third groove and the fact that the plaintiff had advanced this point before the patent office. However, there is no indication in the decision of the patent office board of appeals which indicates that reliance was placed on this factor. The defendant's door does not have hinges which bisect every third horizontal groove; the hinges on the defendant's door are placed within every fourth groove. However, the overall appearance is substantially identical to the plaintiff's patent, since on both doors the hinges are almost entirely concealed.

The factor which tends to distinguish the Frantz door from the Rich patent door, namely the manner in which the fiberglass panels slant in toward the horizontal grooves, is nearly identical on the Phenix and Frantz doors. Dr. Miner referred to the Rich patent door in his testimony as having "short, front face section; long, deep and obliquely-angled rib sections". The photographs show that both the Frantz and the Phenix doors, unlike the Rich door, have rib sections which are more shallow and jut out from the plane of the door at nearly right angles. In my opinion, there is an identity of appearance between the defendant's model 55 door and the Frantz door; thus, I find that Phenix has infringed Frantz's design patent numbered 194,094.

## IV. CONCLUSION

I find that the plaintiff's mechanical patent numbered 3,169,612 is invalid; the defendant Phenix Manufacturing Company is entitled to a declaration of such invalidity. I also find that the plaintiff's design patent numbered 194,094 is valid and infringed by the defendant's model 55 door. Accordingly, Frantz Manufacturing Company is entitled to injunctive relief, as well as damages, for the infringement.

The foregoing opinion shall constitute the court's findings of fact and conclusions of law pursuant to Rule 52(a), Federal Rules of Civil Procedure. Plaintiff's counsel is requested to submit an appropriate order for judgment, but such document shall not be submitted to the court for signature until ten days after first having submitted the same to opposing counsel.